**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KRISTINA COX and RYAN COX,
her husband,

    Plaintiffs,

v.                                        Case No. 3:04-cv-1263-J-12HTS

UNITED STATES OF
AMERICA,

    Defendant.
_____

**O R D E R**

    This cause is before the Court on Defendant's Motion for Order Requiring Plaintiff to Submit to Rule 35 Examinations and Request for Expedited Ruling (Doc. #11; Motion). Plaintiff has replied. Plaintiffs' Response to Defendant's Motion for Order Requiring Plaintiff to Submit to Rule 35 Examination (Doc. #13; Response).

    The present case is brought pursuant to the Federal Tort Claims Act. *See* Complaint (Doc. #1) ¶¶ 1, 2. Ms. Cox contends she was seriously injured in an automobile crash caused by the negligent operation of a United States Postal Service vehicle. *Id.* ¶¶ 5-6, 8. She concedes the United States' entitlement to the proposed physical and psychological examinations, but she asserts a "right . . . to have [the physical examination] videotaped."

Response at 1.[1]  Through the Motion, Defendant seeks authorization to have its physician conduct the examination "without [the] necessity of videotaping[.]"  Motion at 1.

Plaintiff cites no federal legal authority in support of her position, and she actually implies "the federal rule" disallows recording examinations conducted pursuant to Rule 35, Federal Rules of Civil Procedure.  Response at 3.  The Court believes Ms. Cox understates her case.

It has been suggested the law on this issue is not well-settled.  *See Nicholas v. Wyndham Int'l Inc.*, 218 F.R.D. 122, 124 (D.V.I. 2003) (citing *Gavenda v. Orleans County*, 174 F.R.D. 272, 274 (W.D.N.Y. 1996)).  Still, "Rule 35 provides judges with considerable leeway to specify the time, place, manner, conditions, and scope of" examinations.  *Id.*  As will be explained, recording of examinations should be permitted, at least under certain circumstances.

Defendant cites *Holland v. United States*, 182 F.R.D. 493, 495-96 (D.S.C. 1998), for the proposition "that the presence of a videographer could influence the patient, even unconsciously, to exaggerate or diminish [her] reactions to the examination."  Motion at 7.  This reasoning is not entirely persuasive.  While some individuals may well alter their behavior in response to a camera, a party being examined by a physician in connection with litigation

---

[1]   Plaintiff has "agreed to allow the Rule 35 psychiatric/psychological examination . . . to proceed without . . . videotaping."  Notice of Alternative Rule 35 Examination Dates (Doc. #15) at 1.

is already "on stage," is already aware he or she is being observed closely with every reaction subject to evaluation. Consequently, it is unrealistic to suppose the absence of recording equipment results in a shortage of incentives to exaggerate or diminish symptoms. Further, unlike the opponents of taping in *Tomlin v. Holecek*, 150 F.R.D. 628, 631 (D. Minn. 1993), Defendant has submitted no affidavit from a proposed examiner averring the presence of recording equipment would be harmful to the examination.

As for potential interference with the examiner, another ground sometimes put forward for denying recording requests, the government has offered no information suggesting this would be a significant concern in the case at bar. Without evidence to the contrary, any such intrusions should be assumed minimal. *See, e.g., Metro. Prop. & Cas. Ins. Co. v. Overstreet*, 103 S.W.3d 31, 39-40 (Ky. 2003) (assuming operator is well-positioned and does not interfere, "the potential disturbance from a video or audio recorder is minimal"). To ensure such is the case, Plaintiff will be instructed to cooperate with the examiner in selecting an effective yet unobtrusive location for the videographer, who is not to interfere in any way with the examination.

Courts commonly proclaim that Rule 35 examinations are not to be adversarial in nature. *See, e.g., Holland*, 182 F.R.D. at 495 (endorsing idea "that medical examinations should be divested as far as possible of any adversary character"); *Metro. Prop. & Cas.*

*Ins. Co.*, 103 S.W.3d at 37 (citing federal cases).  Yet, the strongest reason these courts offer for disallowing recorded examinations emphasizes the adversarial process, not concerns about accurate scientific inquiry. *See, e.g., Holland*, 182 F.R.D. at 496 (quoting with approval the following language from *Tomlin*, 150 F.R.D. at 633: "[T]he Plaintiff suffers no disadvantage by his inability to tape record [the] interview that is not shared by the Defendants who . . . are without a recording or a transcript of the interviews of the Plaintiff that were conducted by his psychologists."). Indeed, preserving an audio and visual recording of an examination for later analysis furthers a basic component of the scientific approach -- careful observation.

Rule 35 examinations are considered "likely to be an important, perhaps crucial, event in the development of the case." 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2236 (2d ed. 1994). Given the great significance attributed to the evidence obtained, any light that can be shed on its validity should be welcomed. Even if completely unbiased, an examining physician's report and testimony necessarily form a limited and selective account.

Moreover, forbidding the creation of a video record due to concerns about a slanted playing field would reflect an exaggeration of the dangers. A recording, like a transcript, is essentially impartial. It may just as easily favor a defendant as benefit a plaintiff. The individuals being recorded might behave

with varied intentions, but even then footage of their activities can provide important raw material for later study and interpretation.  Consequently, competitive fairness is largely ensured by recognizing that, insofar as the examinee's privacy interest might be used as a shield against recording, her decision to make a recording thereof operates as a waiver of that interest to the extent a copy of any such video must be made available to defense counsel for use in the litigation.

In light of the foregoing discussion, the request contained in the Motion (Doc. #11) that the Court order the examination to proceed without videotaping is **DENIED**.  Plaintiff shall, as agreed, submit to a physical examination by Abraham Rogozinski, M.D., at 3716 University Boulevard, South, Suite 3, Jacksonville, Florida, on September 23, 2005, at 8:30 a.m., and to a psychiatric/psychological evaluation by Carlos Torrellas, M.D., at his office in Jacksonville, Florida, on October 7, 2005, at 10:00 a.m.  Plaintiff must cooperate with Dr. Rogozinski in selecting an effective yet unobtrusive location for the videographer, who is not to interfere in any way with the examination.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of September, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
    and *pro se* parties, if any